T.C. Summary Opinion 2005-66

UNITED STATES TAX COURT

KIM ANTHONY POLONCZYK, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17434-04S.              Filed May 26, 2005.

Kim Anthony Polonczyk, pro se.

<u>Rebecca Dance Harris</u>, for respondent.

COHEN, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463 in effect when the petition was filed. The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency of $1,400 in petitioner's Federal income tax for 2002 that was attributable to three items of unreported income.  The issues for decision are:

(1) Whether petitioner's unemployment compensation is taxable under section 85;

(2) whether petitioner had interest income from his checking account with Forth Worth City Credit Union; and

(3) whether petitioner had taxable income from a Farmers New World Life Insurance Co. distribution.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioner resided in San Antonio, Texas, at the time that he filed his petition.

On April 15, 2003, petitioner timely filed Form 1040, U.S. Individual Income Tax Return, for the income tax year 2002. Petitioner reported $15,227.70 of IRA distributions and $11,037.30 of itemized deductions on the Form 1040. Petitioner did not report any other income for 2002.

On May 17, 2004, the Internal Revenue Service (IRS) sent to petitioner a statutory notice of deficiency for $1,400 for 2002. The IRS determined that petitioner did not report $4,466 of unemployment income from the Texas Workforce Commission (Texas

Workforce), $13 of interest income from Fort Worth City Credit Union (the credit union), and $32 of taxable income from a Farmers New World Life Insurance Co. (Farmers) distribution.

The IRS relied on a Form 1099-G, Certain Government Payments, in determining that petitioner had received $4,466 of unemployment compensation from the Texas Workforce in 2002. Petitioner does not dispute receipt of this amount.

The IRS relied on a Form 1099-INT, Interest Income, in determining that petitioner had received $13 of interest income on his checking account at the credit union. The IRS relied on a Form 1099-R, Distributions from Pensions, Annuities, Retirements or Profit Sharing Plans, IRA's, Insurance Contracts, in determining that petitioner received a $412 gross distribution from Farmers in 2002, $32 of which was taxable.

After the case was set for trial, petitioner wrote to counsel for respondent disputing the interest and Farmers income determinations and requesting help in obtaining subpoenas for the records of the credit union and Farmers. The IRS obtained an "Affidavit of Records Custodian of Fort Worth City Credit Union". The affidavit is not dated. Attached to the affidavit is a Form 1099-INT that reports $13.50 in interest income to petitioner in 2002. Also attached to the affidavit is a Statement of Account that reports that petitioner's savings account with the credit union earned $0.51 of interest income in

2002 and reflects $0.18 being deposited into the savings account on December 31, 2002. The Statement of Account also reports that petitioner's checking account earned $12.99 of interest income in 2002. However, there is no evidence indicating whether that amount was ever deposited in or credited to the checking account.

The IRS attempted to obtain information from Farmers with respect to the gross distribution that it reported for petitioner. As of the time of trial, the IRS had not obtained any additional information from Farmers as to this amount.

## Discussion

### Unemployment Compensation

Under section 61(a)(1), "gross income" means all income from whatever source derived. The general rule of section 85 is that, "In the case of an individual, gross income includes unemployment compensation." Sec. 85(a). "Unemployment compensation" means "any amount received under a law of the United States or of a State which is in the nature of unemployment compensation." Sec. 85(b).

Petitioner does not dispute that he received unemployment compensation during 2002. Petitioner argued at trial that he did not report the unemployment compensation because an IRS worksheet said that it was not taxable. Petitioner's posttrial "clarification" memorandum argues that he did not report the unemployment compensation because his "income from the Texas

Workforce falls below the minimum income level for 2002 filing * * * of $7,700."

Petitioner's argument that he did not have enough income to file a return in 2002 has no merit. Without regard to the $4,466 of unemployment compensation, petitioner had $15,227.70 of IRA distribution income, making it necessary to file a return in that year. He was obligated to report all of his income on that return, including unemployment compensation received. Accordingly, respondent's determination as to this amount is sustained.

Interest Income and Farmers Distribution

Section 6201(d) provides that, if the taxpayer in a court proceeding asserts a reasonable dispute with respect to the income reported on an information return and fully cooperates with the Commissioner, the Commissioner shall have the burden of producing reasonable and probative information in addition to the information return.

Petitioner filed a Form 1040 in which he did not report the $13 of interest income from the credit union. Petitioner testified that the average balance in his checking account was around $142 and that the average balance in his savings account was around $25. Petitioner disputed that his checking account could have earned $13 of interest income in 1 year. The records presented at trial showed returned draft fees that apparently

were the cause of a dispute between petitioner and the credit union.  Petitioner asserted that the interest income from the credit union had been incorrectly reported to the IRS because the credit union had a vendetta against him.

Petitioner has asserted a reasonable dispute with respect to the interest income, and the information produced by respondent does not show any more than $0.18 being deposited into petitioner's savings account.  Therefore, respondent has not met the burden imposed by section 6201(d).

Respondent contends that the insurance distribution was the result of a loan that petitioner took out from an annuity policy. Petitioner denies that he had an annuity policy with Farmers. Respondent produced no probative information about the nature of the payment.  Therefore, respondent has not met the burden imposed by section 6201(d).  These issues are decided in favor of petitioner.

To reflect the foregoing,

Decision will be entered

under Rule 155.